NOT FOR PUBLICATION

RECEIVED
FEB 24 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WATCH YO MOUTH, LLC,

    Plaintiff,

v.

DENBIGH AND ASSOCIATES, LLC d/b/a
SKYLER INNOVATIONS and PETER
DENBIGH,

    Defendants.

Civ. No. 17-00717

**MEMORANDUM ORDER**

THOMPSON, U.S.D.J.

    This matter comes before the Court on the motion for preliminary injunction brought by Plaintiff Watch Yo Mouth, LLC ("Plaintiff") (ECF No. 1-11). Defendants Denbigh and Associates, LLC d/b/a Skyler Innovations and Peter Denbigh ("Defendants") oppose. (ECF No. 12).

    This case concerns the alleged infringement of Plaintiff's trademark by Defendants. Plaintiff filed the instant complaint along with a proposed order to show cause why a preliminary injunction should not issue against Defendants on February 2, 2017. (ECF No. 1). The Court issued an Order to Show Cause on February 8, 2017, and held a hearing on February 24, 2017.

    The grant or denial of a preliminary injunction is within the discretion of the Court. *See American Exp. Travel Related Services, Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir. 1994). The decision to issue a preliminary injunction order is governed by a four-factor test, wherein Plaintiff must demonstrate:

1

> (1) that [it is] reasonably likely to prevail eventually in the litigation and (2) that [it is] likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiff[] and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002)). A preliminary injunction is an "extraordinary remedy, which should be granted only in limited circumstances," *Instant Air Freight Co. v. C. F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989), and is "never awarded as of right." *Groupe SEB USA, Inc. v. Euro-Pro Operating, LLC*, 774 F.3d 192, 197 (3d Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

In this case, the Court is not persuaded that Plaintiff has adequately satisfied the first factor, a likelihood of success on the merits, at this time. To prevail on an unfair competition claim under the Lanham Act, the plaintiff must show that: (1) the mark is valid and legally protectable; (2) the plaintiff owns the mark; and (3) the defendant's use of a similar mark is likely to create confusion concerning the origin of goods or services. *See Kos Pharm., Inc. v. Andrx Corp.*, 368 F.3d 700, 708 (3d Cir. 2004); *Freedom Card, Inc. v. JPMorgan Chase & Co.*, 432 F.3d 463, 470 (3d Cir. 2005). "When determining ownership of an unregistered trademark, the Court considers (1) priority of use, and (2) market penetration." *MNI Mgmt., Inc. v. Wine King, LLC*, 542 F. Supp. 2d 389, 405 (D.N.J. 2008) (citations omitted). Market penetration requires a multi-factor analysis: (1) the volume of sales of the trademarked product; (2) the growth trends (both positive and negative) in the area; (3) the number of persons actually purchasing the product in relation to the potential number of customers; and (4) the amount of product advertising in the area." *Lucent Info. Mgmt., Inc. v. Lucent Techs., Inc.*, 186 F.3d 311, 317 (3d Cir. 1999) (citations omitted).

Here, Plaintiff has not met its burden of demonstrating either priority of use or market penetration sufficient to establish a likelihood of success on the merits of its claims. It appears that both Plaintiff and Defendants began using their respective claimed trademarks in May or June 2016. These dates are so close in time that the Court is not yet satisfied that Plaintiff has demonstrated that it has priority of use over Defendants. Additionally, Plaintiff has not adequately demonstrated market penetration in its briefs or at the hearing on the motion. As a result, the Court is not persuaded that Plaintiff has demonstrated ownership of the claimed trademark sufficient to establish a likelihood of success on the merits of its claims.

Therefore, the Court does not reach the remaining factors in a preliminary injunction analysis, and Plaintiff's motion for a preliminary injunction will be denied without prejudice. Plaintiff may apply to the Court for a preliminary injunction and request a hearing to attempt to demonstrate that it can satisfy all of the factors required for the issuance of a preliminary injunction.

For the reasons stated above,

IT IS on this 24th day of February, 2017,

ORDERED that Plaintiff's motion for a preliminary injunction (ECF No. 1-11) is DENIED WITHOUT PREJUDICE.

                                             /s/ *Anne E. Thompson*
                                           ANNE E. THOMPSON, U.S.D.J.